888 F.2d 128
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Julia MEEKER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondents.
 No. 89-3031.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Julia Meeker, seeks review of the order of the Benefits Review Board which affirmed the decision and order of the Administrative Law Judge denying benefits under the Federal Coal Mine Health and Safety Act.
 
 
 2
 On December 21, 1983, in the course of his decision awarding benefits, the A.L.J. concluded that although petitioner's husband "was engaged in coal mine employment for less than ten years," and was therefore "not entitled to any of the presumptions set forth in the Act and Regulations pertaining to the existence of pneumoconiosis arising out of coal mine employment," and there were other "congeries of fact" about exposures that "probably contributed to his disability," he nevertheless would "resolve the reasonable doubt ... in favor of claimant and find him to have been totally disabled due to pneumoconiosis arising out of coal mine employment."
 
 
 3
 The Director sought reconsideration based upon the failure of the A.L.J. to make findings that coal mining was a cause of the pneumoconiosis. The A.L.J. then reaffirmed his decision with modifications, saying that under "Sec. 411(c)(3) of the Act [30 U.S.C. Sec. 921(c)(3) ] there is an irrebuttable presumption" that pneumoconiosis was the cause of Mr. Meeker's death or disability, and apparently in response to the Director's complaint about lack of causation findings, noted that "medical evidence of record, in addition to the testimony of Mr. Meeker's wife and daughter supports the finding that the surviving spouse is entitled to benefits."
 
 
 4
 The Director appealed, contending that petitioner was not entitled to invocation of the presumption of 30 U.S.C. Sec. 921(c)(3), and that, in any event, the A.L.J. had still failed to make causation findings. The Board agreed that the A.L.J. erred in failing to make any findings regarding causality, and pointed out that, even if petitioner established she was entitled to the irrebuttable presumption of 30 U.S.C. Sec. 921(c)(3), that death or disability was due to pneumoconiosis, causality from coal mine employment also must be proven to establish entitlement. The Board went on to note that, as the record indicated
 
 
 5
 other possible etiologies for the miner's pneumoconiosis, such as fourteen years of employment in a foundry and a smoking history of one to two packs of cigarettes a day for at least twenty-four years, claimant must affirmatively show, by competent medical evidence, that the miner's pneumoconiosis arose out of coal mine employment.
 
 
 6
 The Board then vacated the award and remanded the case to the A.L.J. with the admonition that, "[s]hould the administrative law judge indeed find that claimant was exposed to the other possible etiologies reflected in the record, he must deny this claim as the record contains no medical evidence addressing the issue of causality."
 
 
 7
 On remand, the A.L.J. denied benefits.
 
 
 8
 Because the record does indeed reveal multiple sources of dust exposure which could have caused the miner's disability, and there is no evidence, medical or lay, to attribute coal mine employment as a contributing cause, we are unable to say that the Board erred in vacating the award and remanding the case on the basis of causation.
 
 
 9
 However, as pointed out by petitioner, the claim has never been considered under the standards of 20 C.F.R. Sec. 410.490. Although it is not clear that consideration of causation under that standard will change the result, we nevertheless conclude the matter should be remanded for that purpose. See Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988).
 
 
 10
 The order of the Board of Review is vacated and the claim is remanded to the Board for further proceedings according to law and consistent with this opinion.